```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

**MERION REALTY MANAGEMENT,**   *
**L.L.C.,**                     *
                                *
    **Plaintiff,**           *
                                *
**v.**                          *   Civil Action: 10-00466-CG-B
                                *
**JACOB HENRY,**                *
                                *
    **Defendant.**           *

## REPORT AND RECOMMENDATION

This action is before the Court on its *sua sponte* evaluation of its subject matter jurisdiction. Plaintiff commenced this action for unlawful detainer in the District Court of Mobile County, Alabama. (Doc. 1 at 5-6). In the Complaint, Plaintiff demands right to possession of the premises located at 6650 Cottage Hill Road, # 1318, Mobile, Alabama 36695, due to nonpayment of rent. Plaintiff also seeks $2652.00, which consists of unpaid rent, late charges, court costs and attorney fees. Plaintiff also seeks future rent, late payments, and attorney's fees in an undisclosed amount. (Id.) Defendant Jacob Henry, who is proceeding *pro se*, denied the allegations, and filed a counterclaim requesting $150,000 in damages. In the counterclaim, Defendant alleges that Plaintiff

breached the rental agreement, and violated many federal and state laws. (Doc. 1 at 20).

Defendant, on August 25, 2010, removed this action to this Court on the basis of federal question jurisdiction. (Doc. 1) According to Defendants' Notice of Removal, this Court has original jurisdiction because the amount sought in the counterclaim exceeds the jurisdictional limits of the district court, and Plaintiff is alleged to have violated federal laws. Although Plaintiff had not filed a motion to remand,[1] the undersigned, in an order entered on October 13, 2010 (Doc. 14), questioned this Court's jurisdiction, and observed that federal courts are of limited jurisdiction, and that this Court has an independent and continuing obligation to confirm its subject jurisdiction, even when the parties do not question its existence. University of South Alabama v. American Tobacco Co., 168 F. 3d 405, 411 (11th Cir. 1999). The Court directed Defendant to show cause on or before October 29, 2010, why this case should not be dismissed for lack of federal jurisdiction. (Doc. 14).

In response, Defendant filed a document entitled "Amended Notice of Removal and Response to Show Cause of Federal

---

[1] Plaintiff eventually filed a Motion to Remand (Doc. 18) on November 15, 2010, more than thirty (30) days after Defendant's Notice of Removal.

Jurisdiction." (Doc. 15). In his response, Defendant argues that federal jurisdiction exists under 28 U.S.C. §§ 1330, 1331, 1332, 1367, 1441 and 1443. Defendant contends that this Court lacks jurisdiction over Plaintiff's claims because Plaintiff is not registered to conduct business in Alabama. Defendant also argues that federal question jurisdiction exists over his counterclaim because he has raised claims under the Fair Housing Act, and that diversity jurisdiction exists because Plaintiff is organized under the laws of the state of Delaware, and Defendant is a citizen of Alabama, and the amount sought in his counterclaim exceeds $75,000.

As noted supra, federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject jurisdiction. Williams v. Chatman, 510 F. 3d 1290, 1293 (11th Cir. 2004)("Federal courts are obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); University of South Alabama 168 F. 3d at 411; see also, Smith v. GTE Corp., 236 F. 3d 1292, 1299 (11th Cir. 2001)([B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). 28 U.S.C. § 1446 provides the procedure for removal

3

of a state action to federal court. Under the statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Removal is generally appropriate in three circumstances: 1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; 2) the face of the complaint raises a federal question; or 3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted. Georgia v. El Serries, 2010 U.S. Dist. LEXIS 72000 (N.D. Ga. July 16, 2010). "To determine whether the claim arises under federal law,[courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003)(quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).

In this action, Defendant has not asserted that Plaintiff's unlawful detainer claim, which seeks to have Defendant evicted from rental property, arises under the Constitution or the laws of the United States, and there is no basis for finding such as Plaintiff's detainer action clearly arises exclusively under state law.[2] Moreover, Defendant's assertion, in his counterclaim, that Plaintiff violated the Fair Housing Act does not create a ground for removal because jurisdiction generally cannot arise out of a defendant's counterclaim.

Boudin v. South Point, Inc., 2009 U.S. Dist. LEXIS 48717 (S.D. Ala. June 9, 2009) is instructive on this issue. In Boudin, the plaintiffs filed an eviction action in state court, and the defendants filed a counterclaim asserting violations of the Truth in Lending Act, and various other state law claims. The defendants removed the action to federal court and following the dismissal of the plaintiffs' claims, argued that the case should remain in federal court because the counterclaim provided a basis for federal question and diversity jurisdiction. In remanding the case to state court, the court held:

---

[2] Under Alabama law, unlawful detainer is defined as situation in which one who has lawfully entered into possession of lands as tenant fails or refuses, after the termination of the possessory interest of the tenant, to deliver possession of the premises to anyone lawfully entitled or his or her agent or attorney. Code of Ala. § 6-6-310.

A review of the case law clearly indicates that counterclaims are not to be considered when determining federal jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 1894, 153 L. Ed. 2d 13 (U.S.,2002) [*4] ("Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents."); Caterpillar, Inc. v. Williams, 482 U.S. 386, 399, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1987)("a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); State of Texas by and Through Bd. of Regents of the Univ. of Texas v. Walker, 142 F.3d 813, 816 n. 2 (5th Cir. 1998) ("There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule."); Stone v. Williams, 792 F.Supp. 749, 753 (M.D.Ala. 1992) (quoting Great Northern Ry. Co. v. Alexander, 246 U.S. 276 at 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918)) ("if allegations in the complaint do not bring the case within the removal jurisdiction of the district court, '[the suit] cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.'"); Atco Parts, Inc. v. Garrison, 2009 U.S. Dist. LEXIS 43543, 2009 WL 1360887 (M.D. Fla. May 13, 2009) [*5] (citing Holmes supra); see also Charles Alan Wright, ARTHUR R. MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3d § 3731 (1998) (""[T]he basic principle [is] that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them.") (emphasis in original).

Id. at *4-5.

Based on extant case law, including the Boudin decision, the undersigned finds that notwithstanding Defendant's assertions to the contrary, the fact that he has raised in his counterclaim a claim for alleged violations of the Fair Housing Act is not sufficient to confer federal question jurisdiction upon this court. A review of Plaintiff's well pled Complaint clearly demonstrates that it arises under state law, as opposed to federal law or the Constitution. Accordingly, Defendant has failed to establish the existence of federal question jurisdiction.

As noted supra, Defendant also contends that diversity jurisdiction exists because the parties are diverse and Defendant is seeking $150,000 in his counterclaim. A party seeking to establish diversity jurisdiction must demonstrate that the amount in controversy exceeds $75,000 and that all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332. The undersigned finds that assuming *arguendo* that Defendant has established diversity of citizenship between the parties, he has failed to establish that the amount in controversy exceeds $75,000. A review of Plaintiff's Complaint clearly evidences that Plaintiff is seeking an amount substantially below the jurisdictional threshold. Specifically, Plaintiff requests possession of the premises, $2652.00, which consists of unpaid

7

rent, late charges, court costs and attorney fees, and future late payments, and attorney's fees in an undisclosed amount.

While it appears that the law is unsettled with respect to the issue of whether a matter may be removed to federal court with the counterclaim serving as the sole mechanism satisfying the amount in controversy requirement, the majority of courts hold that the amount in controversy is determined by the plaintiff's complaint, regardless of the nature of the defendant's counterclaim. See First Guaranty Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147 (M.D. Fla. Feb. 11, 2000)(collecting cases); Conference Am., Inc., v. Q.E.D. Int'l, 50 F. Supp. 2d 1239 (M.D. Ala. June 4, 1999)(collecting cases); Oliver v. Haas, 777 F. Supp. 1040, 1042 (D.P.R. Aug. 15, 1991)(collecting cases); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378 (N.D. Ga. April 13, 2010); Quality Management, LLC v. Time & Place World, 521 F. Supp. 2d 83 (D.C. Cir. Nov. 20, 2007).[3] In Quality Management, which also involved an eviction action, and a counterclaim by the tenant, the court advanced several persuasive reasons for following the majority approach, namely that: (1) such a standard is consistent with the well-pleaded complaint rule; (2) the standard also is

---

[3] But see Swallow & Associates v. Henry Molded Prods, Inc., 794 F. Supp. 660 (E. D. Mich. 1992)(holding that the damages pled in a compulsory counterclaim should be considered in determining the amount in controversy).

8

consistent with the rule that defenses or counterclaims that implicate federal law are insufficient to confer federal jurisdiction; and (3) the removal statute does not explicitly provide that counterclaims can be used to determine the amount in controversy, which suggests that Congress did not intend for such a result. 521 F. Supp. 2d at 85-86. Additionally, as observed by the Court in Firestone Fin. Corp. v. Syal, 327 F. Supp. 2d 809, 810-812 (N.D. Ohio May 4, 2004), "[s]uch a conclusion is also consistent with the U.S. Supreme Court's conclusion that the language and legislative history of Section 1441 reveals a congressional intent to restrict the removal jurisdiction of federal courts and its mandate that Section 1441 should be narrowly construed to ensure 'due regard for the rightful independence of state government.'" 327 F. Supp. 2d at 811 (quoting Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 107-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)).

For the reasons set forth in the above-referenced cases, the undersigned concludes that the amount sought in Defendant's counterclaim should not be considered in determining the amount in controversy in this case. As previously determined, the amount sought in Plaintiff's Complaint falls substantially below the threshold jurisdictional amount; thus, the undersigned concludes that Defendant has failed to meet his burden of demonstrating that the amount in controversy exceeds the

jurisdictional amount.  Accordingly, the undersigned recommends that this case be remanded to the district court of Mobile County, Alabama.[4]

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **19th day of November, 2010.**

                                         **_ /s/SONJA F. BIVINS_____**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[4] In light of the recommendation that this case be remanded, the undersigned also recommends that Plaintiff's motion to remand be denied as moot.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten[5] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[5]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                         _/s/SONJA F. BIVINS_
                                         **UNITED STATES MAGISTRATE JUDGE**